UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-589 (RDM) |
| | : | |
| JOHN RICHTER, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**<u>Motion to Strike Untimely Objections to the Presentence Investigation Report or, in the Alternative, to Continue the December 20th Sentencing Hearing</u>**

On November 15, 2024, the United States Probation Office provided the parties with a draft Presentence Investigation Report ("PSR") regarding Mr. Richter (ECF No. 177). On December 2, 2024, undersigned counsel sent detailed objections and corrections to the draft PSR, thereby providing notice to the Probation Office as well as to the government of Mr. Richter's position regarding the guidelines and sentencing. (PSR at 37-41; *see also* ECF No. 181). On December 11, 2024, the United States Probation Office filed the final PSR regarding Mr. Richter (ECF No. 182).

At 11:59 P.M. E.S.T. on December 16, 2024, the government filed its 61-page sentencing memorandum. (ECF No. 186).[1] Although not styled as objections, the government's sentencing memorandum contains a number of objections. For example:

1. The government argues that Mr. Richter obstructed justice, and therefore a two-level enhancement should apply to his guideline range pursuant to U.S.S.G. §3C1.1 (*see* ECF No. 186 at 20, 22, 25, 28, 33-34). The government never objected to the draft PSR, nor did the government file objections to the final PSR.

---

[1] Undersigned counsel resides in the United States Virgin Islands, which is located in the Atlantic Time Zone. Atlantic Standard Time is one hour later than Eastern Standard Time, so the ECF notice did not arrive in undersigned counsel's email box until 1:01 A.M. A.S.T. Undersigned counsel was asleep at that time, and only accessed the government's sentencing memorandum upon arriving at his office at approximately 7:00 A.M. A.S.T.

1

2. The government argues that Mr. Richter should not receive a two-level downward adjustment for being a zero-point offender pursuant to U.S.S.G. §4C1.1, despite the fact that he was acquitted of carrying a deadly weapon (ECF No. 186 at 29-31).[2]

3. The government argues that Application Note 10 of U.S.S.G. §5C1.1 should not apply for the same reasons that it argues U.S.S.G. §4C1.1 should not apply (ECF No. 186 at 31 & fn. 5);[3]

4. The government asserts that the correctly calculated guideline range for Mr. Richter is 10-16 months, despite the fact that it never objected to the guideline range calculated in the draft PSR (*see* ECF No. 186 at 35). The government has not filed objections to the final PSR either.

5. The government argues that both an upward departure and an upward variance are appropriate for Mr. Richter (ECF No. 186 at 35-45). The draft PSR concluded (as does the final PSR) that neither a departure nor a variance was warranted. (PSR at ¶¶193-194). In Mr. Richter's timely December 2, 2024 objections, he objected to these paragraphs and argued that both a **downward** departure and a **downward** variance were warranted. (*See* ECF No. 182 at 40). The government never objected to these paragraphs in response to the draft PSR, nor did the government respond to Mr. Richter's objections. The government has not filed objections to the final PSR either.

---

[2] For clarity, the draft PSR delivered to the parties on November 15, 2024, did not include a two-level reduction pursuant to U.S.S.G. §4C1.1. Undersigned counsel did include in the timely objections transmitted to the Probation Office and the government on December 2, 2024, an objection that the two-level reduction pursuant to U.S.S.G. §4C1.1 should apply to Mr. Richter. The government did not respond to those objections. The Probation Office included the two-level reduction pursuant to U.S.S.G. §4C1.1 in the final PSR filed on December 11, 2024. The government has not filed objections to the final PSR, and instead "objects" *sub silentio* in its sentencing memorandum.

[3] *See* footnote 2, *ante*.

6. The government argues that consecutive sentencing is appropriate for Mr. Richter. (ECF No. 186 at 45-46). The government failed to object to the conclusion in the draft PSR or file objections to the final PSR indicating that Mr. Richter's sentences shall run concurrently because the total punishment did not require consecutive sentencing.

7. The government argues that Mr. Richter has not demonstrated that he is unable to pay a fine. (ECF No. 186 at 60-61). The government never objected to conclusion in the draft PSR that Mr. Richter cannot afford to pay a fine (*see* PSR at ¶155), nor did the government file objections to the final PSR.

8. The government argues that Mr. Richter should be sentenced to thirty-six months of supervised release. (ECF No. 186 at 61). The government never objected to the conclusion in the PSR that the maximum term of supervised release Mr. Richter faces on the lesser-included offenses reflected in Counts Three and Five is one year. (*See* PSR at 164). The government never objected to the conclusion in the PSR that multiple terms of supervised release shall run concurrently. (PSR at ¶166). The government never filed objections to the final PSR.

These untimely objections are significant. The PSR concludes that Mr. Richter's guideline range is 0-6 months in Zone A. The government's untimely objections lead the government to conclude that Mr. Richter's guideline range is 10-16 months in Zone C. Obviously, nearly tripling the high-end of the guideline range is hugely significant. Moreover, the government's untimely objections, if accepted, would have the effect of nullifying Application Note 10 of U.S.S.G. §5C1.1 *viz-a-viz* Mr. Richter. Shifting Mr. Richter's sentencing range from Zone A to Zone C is also significant under the guidelines. *See, e.g.,* U.S.S.G. §§5B1.1(a)(1), 5C1.1(b),(d).

To date, the government has neither submitted objections to the draft PSR nor filed objections to the final PSR. Under such circumstances, it is appropriate to consider the government's *sub silentio*

3

objections contained in its sentencing memorandum waived. If a defendant fails to make timely objections to a PSR, any claim on appeal is reviewed under "[t]he more demanding plain error standard of review." *United States v. Lawrence*, 662 F.3d 551 (D.C. Cir. 2011). Reasoning by analogy, the Courts clearly do not look kindly on belated and untimely objections, and consequences are called for. Moreover, this Court has the inherent authority to manage its docket and courtroom with a view toward the efficient and expedient resolution of cases. *See, e.g., Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). As set forth *infra*, this Court's scheduling order and Fed.R.Crim.P. 32 dictated a schedule that the government did not follow. The government should not be allowed to disregard that schedule in order to gain a tactical advantage at the sentencing hearing.

The sentencing date in this case was set for December 20th on August 8, 2024. Fed.R.Crim.P. 32(e)(2) mandated that the draft PSR be delivered to the parties by November 15th, which it was. (*See* ECF No. 177). That draft PSR indicated that objections were to be submitted by December 2, 2024. (ECF No. 177 at 1). Mr. Richter complied with that deadline. (ECF No. 182 at 37-40). The government did not, and still has not. The appropriate remedy for the government's untimely objections is to consider them waived and proceed to resolve Mr. Richter's outstanding objections and then proceed to sentencing without further consideration of the government's untimely *sub silentio* objections.

If the Court is willing to consider the government's untimely objections, Mr. Richter respectfully but reluctantly must move to continue the December 20th sentencing date. Undersigned counsel did not receive those objections until the morning of December 17th. Undersigned counsel must fly out from the Virgin Islands to Washington D.C. tomorrow, December 18th, in order to ensure that he is present for sentencing on December 20th.[4] At this late date, undersigned counsel simply

---

[4] Because of limited flights out of the Virgin Islands, undersigned counsel cannot take the chance of flying out on December 19th, because if that flight is canceled he will be unable to attend the December 20th sentencing hearing. During wintertime, it is particularly necessary to plan ahead with flights to the northeast United States.

4

lacks time to respond to the government's objections that (a) an obstruction of justice enhancement applies (*see* ECF No. 186 at 20, 22, 25, 28, 33-34), (b) that U.S.S.G. §4C1.1 and the benefits therefrom do not apply (ECF No. 186 at 29-31 & fn. 5), (c) that the guideline range should be 10-16 months (*see* ECF No. 186 at 35), (d) that grounds for an upward departure and variance exist (*see* ECF No. 186 at 35-45), (e) that consecutive sentencing is called for (*see* ECF No. 186 at 45-46), (f) that Mr. Richter is able to pay a fine (*see* ECF No. 186 at 60-61), and (g) that Mr. Richter is eligible for a thirty-six month term of supervised release based on two Class A misdemeanors and three Class B misdemeanors (*see* ECF No. 186 at 61).

While each of these objections is problematic and would require time to research and respond to, the objections seeking a departure are particularly problematic. In objecting and arguing that an upward departure is appropriate, the government cites to no fewer than eighteen other District Court cases, and to specific pages of transcripts from those cases, in support of the government's *sub silentio* objection to the PSR's conclusion that no departure is warranted. (*See* ECF No. 186 at 36-42). At the time of this filing, undersigned counsel has **none** of these transcripts. Nor has undersigned counsel read any of those transcripts. Nor is undersigned counsel familiar with those cases. Nor will counsel have time between the time of this filing and the December 20th sentencing hearing to obtain the transcripts (trial transcripts if applicable as well as sentencing transcripts), read and digest each of them, and then formulate responses to the government's *sub silentio* objection and supporting arguments.

**Conclusion**

The government had the opportunity to object and argue for departures (and make other objections) on or before December 2nd but chose not to. The government should not now be allowed to raise untimely objections in the guise of a sentencing memorandum—particularly not at a time

5

when counsel for Mr. Richter will be unable to thoroughly research and respond to those objections. For those reasons, the government's arguments in objection to the PSR should be considered waived.

Alternatively, and reluctantly, Mr. Richter moves to continue the sentencing hearing so that counsel has sufficient time to respond to the government's objections.

DATED: December 17, 2024

Respectfully submitted,

MATTHEW CAMPBELL
Federal Public Defender
*s/ Matthew Campbell*
Office of the Federal Public Defender
1336 Beltjen Rd., Suite 202
St. Thomas, USVI 00802
Tel: (340) 774-4449
Email: Matt_Campbell@fd.org
Counsel for Defendant John Joseph Richter