UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-589-RDM |
| | : | |
| JOHN JOSEPH RICHTER, | : | |
| | : | |
| Defendants. | : | |

## MOTION TO CONTINUE SENTENCING HEARING

As set forth herein, John Richter hereby moves to continue the sentencing hearing currently set for January 22, 2024:

1. On December 20, 2024, after a scheduled sentencing hearing was continued, the Court filed a Minute Entry directing that any supplemental briefing be filed by Mr. Richter no later than January 8, 2025, that any replies to that briefing be filed by the government no later than January 15, 2025, and resetting the sentencing hearing for January 22, 2025.

2. Mr. Richter will be filing his supplemental briefing today, January 8, 2025.

3. During the afternoon of January 6, 2025, undersigned counsel had a telephone conversation with government counsel AUSA Ashley Akers, who informed undersigned counsel for the first time that the government was considering calling Dr. Galit Askenazi as an expert witness to provide testimony against both Joseph Irwin and John Richter at the upcoming January 22nd sentencing hearing.

4. The government had previously disclosed Dr. Askenazi as a potential expert witness at trial (*see* ECF No. 111, 120), although Dr. Askenazi did not ultimately testify at trial.[1]

---

[1] Because Dr. Askenazi has never testified in this case, any testimony on either direct or cross-

5. At 9:02 PM A.S.T. that same evening, AUSA Akers sent an email to AFPD Chastity Beyl (Mr. Irwin's counsel) and undersigned counsel confirming that the government was considering calling Dr. Askenazi to testify on January 22nd.

6. Based on subsequent email communications on January 7th, it is undersigned counsel's understanding that the government is still preparing to have Dr. Askenazi testify at the January 22nd sentencing hearing.

7. It appears impossible to complete the January 22nd sentencing hearing as scheduled if Dr. Askenazi is called as a witness at that hearing to provide expert testimony against Mr. Irwin and Mr. Richter:

    a. The sentencing hearing is set to commence at 3:00 PM.

    b. Both Mr. Richter and Mr. Irwin are set to be sentenced at that time, based in significant part on distinct PSRs.

    c. Mr. Richter has a number of objections to his PSR that will need to be resolved.

    d. Undersigned counsel understands that Mr. Irwin has a number of objections to his PSR that will need to be resolved.

    e. The government has raised numerous objections to both Mr. Irwin's and Mr. Richter's PSRs that will need to be resolved.

        i. Mr. Richter is filing a lengthy opposition to those objections on January 8, 2025.

---

examination must necessarily "start from scratch" with qualifications and then proceed from there.

      ii. Undersigned counsel understands that Mr. Irwin will also be filing an opposition to the government's PSR objections on January 8th.

f. Only once all of the objections are resolved can the Court adopt the final guideline calculations for each defendant.

g. The government apparently intends to call Dr. Askenazi to provide expert testimony regarding both Mr. Irwin and Mr. Richter. Any expert testimony about a defendant's physical and mental health issues can be expected to be lengthy. Here, however, the government intends to call Dr. Askenazi to testify about **two** defendants' physical and mental health issues—based on well over a decade's medical records. That testimony alone will presumably take hours and could be further extended if legal issues regarding admissibility and scope arise.[2]

h. After that testimony, presumably government counsel, Mr. Irwin's counsel and undersigned counsel will each make presentations regarding their views of appropriate sentences in this case.

i. Mr. Irwin and Mr. Richter will each presumably have the opportunity to speak directly to the Court.

j. Based on the myriad of issues presented, it is likely that these arguments and statements may take longer than are typical in a more run-of-the-mill case.

k. Only after all these proceedings are completed will the Court be able to pronounce separate sentences for both Mr. Irwin and Mr. Richter, and address any other matters.

---

[2] Undersigned counsel is unaware of any other potential witness testimony at the sentencing hearing. Should any arise, it would obviously extend the hearing further.

8. These proceedings as extended by Dr. Askenazi's testimony, appear to require a day for sentencing, as opposed to two hours.[3]

9. Undersigned counsel must fly out of the Washington, D.C. on January 23, 2025, based on other work commitments. The only flights departing Washington, D.C. that arrive in Saint Thomas on January 23rd depart in the morning. Therefore, undersigned counsel cannot finish the sentencing hearing on January 23rd and then fly out in the afternoon that same day.

10. Undersigned counsel is unavailable the week of January 27-31, 2025, as he will be attending the 2025 Federal Defender and CJA Panel Attorney District Representatives Conference in Los Angeles.

For these reasons, John Richter respectfully requests that the Court continue sentencing in this matter to February or thereafter, at a time convenient to the Court and counsel.

DATED: January 8, 2025.                    Respectfully submitted,

MATTHEW CAMPBELL
Federal Public Defender
*s/ Matthew Campbell*
Office of the Federal Public Defender
1336 Beltjen Rd., Suite 202
St. Thomas, USVI 00802
Tel: (340) 774-4449
Email: Matt_Campbell@fd.org
Counsel for Defendant John Joseph Richter

---

[3] Undersigned counsel is not overly familiar with the Court's temporal practices, but by any measure these proceedings would require holding Court well into the late night.